UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN WESTERFIELD,

        Petitioner,         Case Number: 2:10-CV-13189

v.         HONORABLE MARIANNE O. BATTANI

LLOYD RAPELJE,

        Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND REQUIRING RESPONSIVE PLEADING

Petitioner Calvin Westerfield, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Westerfield challenges his convictions for second-degree murder on the grounds that his no contest plea was involuntary and was judicially coerced by threat of retaliatory sentencing; the prosecutor breached the plea agreement; ineffective assistance of counsel; and sentence based upon inaccurate information. Respondent has filed a motion for summary judgment on the ground that the petition was not timely filed.

### I.

Petitioner pleaded no contest in Kent County Circuit Court to second-degree murder. He filed an application for leave to appeal in the Michigan Court of Appeals. The application was denied. *People v. Westerfield*, No. 279635 (Mich. Ct. App. Sept. 13, 2007). Petitioner's application for leave to appeal to the Michigan Supreme Court was

also denied. *People v. Westerfield*, No.135085 (Mich. Jan 8, 2008).

On March 17, 2008, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Westerfield*, No. 06-02695 (Kent County Cir. Ct. Aug. 26, 2008). Petitioner filed applications for leave to appeal the denial of his motion in the Michigan Court of Appeals and the Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Westerfield*, No. 288031 (Mich. Ct. App. Dec. 23, 2008); *People v. Westerfield*, No. 138143 (Mich. Aug. 6, 2009).

Petitioner filed the pending habeas corpus petition on August 11, 2010. In response, Respondent filed a Motion for Summary Judgment on the ground that the petition was not timely filed. Petitioner has filed a reply opposing the Motion for Summary Judgment.

**II.**

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)

(internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001). "Materiality" is determined by the substantive law claim. *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248). Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000). Thus a factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported. *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993); *see also Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. BVR Liquidating, Inc.*, 190 F.3d 768, 772 (6th Cir. 1999).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact

will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.

Respondent argues that summary judgment should be granted because the petition was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court

of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on January 8, 2008. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on April 8, 2008.

Petitioner filed a motion for relief from judgment in the trial court on March 17, 2008. That motion, a properly filed motion for state-court collateral review, tolled the limitations period before the conviction became final. The limitations period resumed running on August 7, 2009, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal. Petitioner had one year from that date to file a timely habeas petition. August 7, 2010 was a Saturday. Federal Rule of Civil Procedure 6 provides that the last day of a filing period shall be included in the time computation, unless it falls on a Saturday, Sunday or legal holiday. In such a case, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Thus, the limitations period expired on Monday, August 9, 2010. Petitioner filed his habeas corpus

petition on August 11, 2010, two days late.

## IV.

Petitioner argues that the limitations period should be equitably tolled. Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), *quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases." *See Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784. Petitioner asserts two bases for equitable tolling: his attorney's illness and actual innocence.

An attorney's incapacitation for medical reasons may constitute sufficient extraordinary circumstances to warrant equitable tolling of the limitations period, if the incapacity affected the petitioner's ability to file a timely habeas petition. *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010). In reply to Respondent's Motion for

6

Summary Judgment, Petitioner states that the delay in filing his habeas petition was the result of an extraordinary circumstance that stood in his way – his attorney's illness. Petitioner's attorney represents that he was prepared to file the habeas petition in the first week of August 2010, which was within the limitations period. Counsel, however, suffered from a neurological event triggered by a reaction to his anti-seizure medication. Counsel was not well enough to file the habeas petition by the limitations deadline, but filed the petition at the earliest opportunity, which was the following week. The Court has no reason to doubt that counsel's representations are consistent with his obligations under Federal Rule of Civil Procedure 11. The Court finds counsel's medical condition to be an extraordinary circumstance that stood in the way of the timely filing of the habeas petition.

     Where a petitioner shows that an attorney's actions constitute sufficient extraordinary circumstances to warrant equitable tolling, he must also show that he has been pursuing his rights diligently to be entitled to equitable tolling. *Id.* at 786. In this case, Petitioner retained counsel sufficiently in advance of the expiration of the one-year limitations period to allow counsel to file a timely petition. Additionally, the two-day delay in the filing of the petition was not sufficiently long to require Petitioner to attempt to retain different counsel or file a *pro se* petition. Indeed, the "realities of incarceration" likely rendered Petitioner unaware of any delay in the filing of his habeas petition until after the petition was filed. *Robinson v. Easterling*, 2011 WL 1977272, *4 (6th Cir. May 20, 2011) (recognizing that the "realities of incarceration" may be taken into account in

assessing whether a petitioner pursued habeas relief with the diligence required to warrant equitable tolling). Thus, the Court finds that Petitioner pursued his rights diligently. The limitations period is tolled during the time period when counsel was ill and the habeas petition was timely filed.

Because the Court finds that counsel's illness tolls the limitations period and renders the petition timely, the Court need not decide whether Petitioner's claim of actual innocence tolls the limitations period.

## V.

For the reasons stated, Respondent's Motion for Summary Judgment is **DENIED**. Respondent shall file an answer addressing the merits of the petition for a writ of habeas corpus within 90 days from the date of this Order.

**SO ORDERED**.

s/Marianne O. Battani<br>
MARIANNE O. BATTANI<br>
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2011

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the all counsel for record via the Court's ECF System.

s/Bernadette M. Thebolt<br>
Case Manager